IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE M. LEONE AND JACOB M. LEONE, individually and as Plenary co-guardians of the Estate and Person of CALEB LEONE and CALEB LEONE, Individually,<br><br>　　　　　Plaintiffs<br><br>　v.<br><br>RIDDELL, INC.,<br>BRG SPORTS, INC.,<br>RIDDELL SPORTS GROUP, INC.,<br>RIDDELL/ALL AMERICAN<br>SPORTS CORPORATION,<br><br>　　　　　Defendants: | : No.<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court for the Middle District of Pennsylvania:

Pursuant to 28 U.S.C. § 1441 and 1446, Defendants, Riddell, Inc., BRG Sports, Inc., Riddell Sports Group, Inc., and All American Sports Corporation[1] (hereinafter, "Defendants") remove to this Court from the Court of Common Pleas of Lackawanna County the above-titled action commenced by Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Lone and Caleb Leone, individually (hereinafter, "Plaintiffs"), on the following grounds:

---

[1] Erroneously syled as "Riddell/All American Sports Corporation".

## FACTUAL BACKGROUND

1. On August 13, 2020, Plaintiffs filed a civil action in the Court of Common Pleas of Lackawanna County, Pennsylvania, via Writ of Summons, styled *Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, individually v. Riddell, Inc., BRG Sports, Inc., Riddell Sports Group, Inc., Riddell/All American Sports Corporation*, No. 20-cv-3169.

2. Plaintiffs filed their Complaint on April 13, 2021. A copy of the Complaint is attached as Exhibit A and provides the requisite basis for removal re: diversity of citizenship and amount in controversy.

3. Plaintiffs allege that Caleb Leone was wearing a Riddell football helmet (hereinafter the "subject helmet") when he sustained an impact to his head during football practice at his high school. (Compl., ¶¶ 9-10.) Plaintiffs claim that the subject helmet was somehow defective and seek damages for various personal injuries they allege Caleb Leone sustained as a result of the impact, including a severe traumatic brain injury. (Compl., ¶ 20.)

## DIVERSITY JURISDICTION

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiffs and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship Exists**

5. Plaintiffs are now, and were at the time the Complaint was filed, citizens of the Commonwealth of Pennsylvania. (Compl., ¶ 1.)

6.  Defendant Riddell, Inc. is now, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois. (Compl., ¶ 3.)

7.  Defendant BRG Sports, Inc. is now, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois.[2] (Statement of Information BRG Sports, Inc. filed with California's Secretary of State, attached as Exhibit B.)

8.  Defendant Riddell Sports Group, Inc. is now, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. (Compl., ¶ 5.)

9.  Defendant All American Sports Corporation is now, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio.[3] (Statement of Information All American Sports Corporation filed with California's Secretary of State, attached as Exhibit C, and All American Sports Corporation's Entity Detail page from California's Secretary of State website, attached as Exhibit D.)

10. In short, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are citizens of Delaware, Illinois, and Ohio.

---

[2] Plaintiffs incorrectly allege that BRG Sports, Inc's. principal place of business is in California (Compl., ¶ 4.)
[3] Plaintiffs incorrectly allege that All American Sports Corporation is an Illinois corporation with its principal place of business in Illinois. (Compl., ¶ 6.)

3

11. Although some of Plaintiffs' allegations regarding citizenship are incorrect as noted above, there is nonetheless complete diversity on the face of Plaintiffs' Complaint because Plaintiffs do not allege any Defendant is a citizen of Pennsylvania. Instead, Plaintiffs incorrectly allege in their Complaint that BRG Sports, Inc. has its principal place of business in California (Compl., ¶ 4), and that All American Sports Corporation is an Illinois corporation with its principal place of business in Illinois. (Compl., ¶ 6.)

**The Amount in Controversy is Satisfied**

12. Plaintiffs seek damages "in excess of $75,000 plus interest, costs, and such other relief as this Court deems appropriate." (Compl., *passim*.) as well as punitive damages (Count Five of the Complaint). Thus, the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332(a).

13. Further, Plaintiffs allege the following injuries/damages to Caleb Leone:

   a. A severe traumatic brain injury that resulted in Caleb being paralyzed on the right side of his body (Paragraph 13 of Complaint);

   b. Despite treatment, Caleb still "lacks control of his extremities and cannot reliably move his right side." (Paragraph 14 of Complaint);

   c. Caleb's injuries "are permanent, catastrophic, and life-altering;" and Caleb "will need continuous care. .. . " (Paragraph 15 of Complaint); and

   d. Caleb is "now wheelchair bound." (Paragraph 16 of Complaint).

**REMOVAL IS TIMELY**

14. Defendants received a copy of the Complaint on April 13, 2021. A copy of the Certificate of Service of the Complaint is attached as part of Exhibit B.

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty days of service of the Complaint on Defendants.

16.     This Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(c) because it is filed less than one year after commencement of the action.

**VENUE**

17.     Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) because this Court's district encompasses the Court of Common Pleas of Lackawanna County, Pennsylvania.

**PAPERS FROM REMOVED ACTION**

18.     Pursuant to 28 U.S.C. § 1446(a), the following documents are collectively attached as Exhibit E and, along with the Complaint, constitute all of the pleadings filed on the docket in the Court of Common Pleas of Lackawanna County at the time of the filing of this Notice of Removal: Praecipe for Writ of Summons in Civil Action (August 13, 2020); Praecipe to Reissue Summons (September 10, 2020); Sheriff's Return of Writ of Summons (September 24, 2020); Sheriff's Return of Summons upon Riddell Sports Group, Inc. (October 6, 2020); Praecipe to Reinstate Writ of Summons (October 8, 2020); Sheriff's Return of Writ of Summons upon Riddell, Inc. (October 22, 2020); Praecipe to Reissue Summons (November 6, 2020); Sheriff's Return of Writ of Summons upon Riddell, Inc. (November 16, 2020); Certificate of Service of Notice of Zoom Deposition (February 17, 2021); Entry of Appearance of Benjamin A. Nicolosi, Jr., Esq. for All Defendants (March 8, 2021); Certificate of Service of Rule to File Complaint (March 15, 2021); and Certificate of Service of the Complaint (April 15, 2021).

**NOTICE OF FILING NOTICE OF REMOVAL**

19.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants, by counsel, will file a true and correct copy of this Notice of Removal with the Clerk

of Judicial Records of the Court of Common Pleas of Lackawanna County, Pennsylvania, and will give written notice to Plaintiffs, through their counsel.

WHEREFORE, Defendants respectfully remove this action from the Court of Common Pleas of Lackawanna County to this Court for all future proceedings.

Respectfully submitted;

Marshall Dennehey

_____
Benjamin A. Nicolosi, Esquire
I.D. #69551
PO Box 3118
Scranton, PA 18505
Telephone: (570) 496-4606
BANicolosi@MDWCG.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May 2021, a true and correct copy of the foregoing was sent via electronic mail to the following:

Marion Munley, Esq. (PA ID No. 46857)
MUNLEY LAW, P.C.
The Forum Plaza – 227 Penn Avenue
Scranton, PA 18503
Telephone: (570) 346-7401
mmunley@munley.com

Larry E. Coben, Esq. (PA ID No. 17523)
Jo Ann Niemi (PA ID No. 326595)
ANAPOL WEISS
8700 E. Vista Bonita Drive, Suite 268
Scottsdale, AZ 85255
Telephone: (480) 515-4745
lcoben@anapolweis.com
jniemi@anapolweiss.com
*Counsel for Plaintiffs*

_____
Benjamin A. Nicolosi, Jr., Esq.
MARSHALL, DENNEHEY, WARNER,
COLEMAN & COGGIN, P.C.
Atty. I.D. 69551
P.O. Box 3118
Scranton, PA 18505
Telephone: (570) 496-4606
BANicolosi@MDWCG.com