# EXHIBIT A

**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

**Anapol Weis**
**8700 E. Vista Bonita Drive, Suite 268**
**Scottsdale, AZ 85255**
**480-515-4745**

| | | |
|---|---|---|
| DANIELLE M. LEONE and JACOB | : | IN THE COURT OF COMMON PLEAS |
| M. LEONE, individually and as | : | OF LACKWANNA COUNTY |
| plenary co-guardians of the Estate and | : | |
| Person of CALEB LEONE and | : | |
| CALEB LEONE, Individually, | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| RIDDELL, INC., | : | |
| BRG SPORTS, INC., | : | |
| RIDDELL SPORTS GROUP, INC., | : | |
| RIDDELL/ALL AMERICAN | : | |
| SPORTS CORPORATION and | : | |
| Defendants | : | NO. 20-CV-3169 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northern PA Legal Services, Inc.
33 North Main Street, Suite 200
Pittston, PA 18640
570-299-4100

Pennsylvania Lawyer Referral Service
Lackawanna Bar Association Lawyer Referral Service
233 Penn Avenue
Scranton, PA 18503
570-969-9161

**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

**Anapol Weis**
**8700 E. Vista Bonita Drive, Suite 268**
**Scottsdale, AZ 85255**
**480-515-4745**

| | | |
|---|---|---|
| DANIELLE M. LEONE and JACOB | : | IN THE COURT OF COMMON PLEAS |
| M. LEONE, individually and as | : | OF LACKWANNA COUNTY |
| plenary co-guardians of the Estate and | : | |
| Person of CALEB LEONE and | : | |
| CALEB LEONE, Individually, | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| RIDDELL, INC., | : | |
| BRG SPORTS, INC., | : | |
| RIDDELL SPORTS GROUP, INC., | : | |
| RIDDELL/ALL AMERICAN | : | |
| SPORTS CORPORATION and | : | |
| Defendants | : | NO. 20-CV-3169 |

## COMPLAINT

**NOW** come Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as

plenary co-guardians of the Estate and Person of Caleb Leone, and Caleb Leone, Individually, by

and through their undersigned counsel, Anapol Weiss and Munley Law, P.C., and aver as

follows:

## THE PARTIES

1.      Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-

guardians of the Estate and Person of Caleb Leone and Plaintiff Caleb Leone, Individually

("Plaintiffs") are competent adult individuals and citizens of Pennsylvania with an address at 607

South Broad Street, Jersey Shore, Pennsylvania 17740.

3

2.      Plaintiffs Danielle M. Leone and Jacob M. Leone were appointed plenary co-guardians of the Estate and Person of Caleb Leone by the Court of Common Pleas of Lycoming County on June 4, 2019.

3.      Defendant Riddell, Inc., upon information and belief, is an Illinois corporation with its principal place of business in Illinois. It may be served with process through its registered agent Corporation Service Company, 211 7th Street, Suite 620, Austin, Texas 78701. Defendant Riddell, Inc., may also be served with process through its office located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois 60018. Defendant Riddell, Inc., may also be served with process through its office located at 669 Sugar Lane, Elyria, Ohio 44035. Defendant Riddell, Inc., may also be served with process through its office located at 4230 Paysphere Circle, Chicago, Illinois 60674. Defendant Riddell, Inc., may also be served with process through its office located at 7501 Performance Lane, North Ridgeville, Ohio 44039.

4.      Defendant BRG Sports, Inc., upon information and belief, is a Delaware corporation with its principal place of business in California. It may be served with process through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant BRG Sports, Inc., may also be served with process through its office located at 1700 West Higgins Road, Suite 500, Des Plaines, Illinois 60018 and/or 9801 W. Higgins Road, Rosemont, Illinois.

5.      Defendant Riddell Sports Group, Inc., upon information and belief, is a Delaware corporation with its principal place of business in Illinois. It may be served with process through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6.      Riddell/All American Sports Corporation, upon information and belief, is an Illinois corporation with its principal place of business in Illinois. It may be served with process through its registered agent Corporation Service Company, 211 7th Street, Suite 620, Austin, Texas 78701. Defendant All American Sports Corporation may also be served with process through its office located at 669 Sugar Lane, Elyria, Ohio 44035. Defendant All American Sports Corporation may also be served with process through its office located at 4230 Paysphere Circle, Chicago, Illinois 60674. Defendant All American Sports Corporation may also be served with process through its office located at 7501 Performance Lane, North Ridgeville, Ohio 44039.

7.      At all times relevant hereto, the Defendant Riddell Sports Group owned Riddell, Inc. and owned All American Sports. Further, at relevant times, Defendant BRG Sports, Inc., has been a corporate holding company which controlled, owned and/or operated Riddell, Inc., Riddell/All American Sports Corporation and the other named defendants. The Defendants hereinafter be referred to collectively as the "Riddell Defendants."

8.      The Riddell Defendants regularly, continuously and systemically conduct business in Lackawanna County.

## FACTUAL BACKGROUND

**A. Caleb Leone suffered a devastating brain injury due to the defective design, manufacturing, and marketing of the Helmet by the Riddell Defendants.**

9.      On or about August 13, 2018, 17-year-old Caleb Leone suited up for varsity football practice at Jersey Shore High School. Caleb Leone was provided with wore a Riddell Revolution Speed model helmet that bears a host of stickers placed on the helmet by one or more of the Defendants.

5

10.     During a practice on August 14, 2018, Caleb Leone was involved in a play and he sustained an impact to his helmeted-head. Caleb Leone got up and as he was walking to the sideline, he collapsed and became unresponsive.

11.     Caleb Leone was transported by ambulance to the Jersey Shore Hospital. Caleb Leone was then life flighted to Geisinger Medical Center in Danville, Pennsylvania.

12.     Upon arrival at Geisinger Medical Center in Danville, Caleb Leone was immediately taken into the operating room where he had a craniotomy.

13.     Caleb Leone suffered a severe traumatic brain injury that resulted in Caleb being paralyzed on the right side of his body. He has been hospitalized extensively and has undergone multiple surgeries with limited prospects of ever improving. Caleb Leone's mother, Danielle Leone missed four (4) months of work to take care of Caleb.

14.     Ever the fighter both on the field and off, Caleb Leone continues to doggedly pursue physical therapy to attempt to regain some function. The progress he has made has been agonizing and required multiple surgeries and a team of doctors, nurses, physical therapists, and his family's unwavering support. Despite his best efforts, Caleb Leone still lacks control of most of his extremities and cannot reliably move his right side. He is unable to speak clearly and uses signals with his right upper extremity to communicate.

15.     Caleb Leone's injuries are permanent, catastrophic, and life-altering. The unfortunate reality for Caleb Leone is that he will never live independently as a result of his injuries and will need continuous care, twenty-four (24) hours a day and seven (7) days a week for the rest of his life.

16.     Caleb Leone is now wheelchair bound.

17.     In the nearly two (2) years since Caleb Leone was hospitalized, the Plaintiffs' lives have been turned upside down. Caleb Leone has been hospitalized miles from home.

18.     At all times material, Caleb Leone used the Helmet in a reasonably foreseeable way.

19.     At all times material, Plaintiffs were unaware of the actual risks associated with the Helmet, but the Riddell Defendants were aware that the danger associated with the Helmet would not be readily recognizable to the ordinary user of the Helmet, like Caleb Leone.

20.     As a result of the aforesaid game play and the defectively designed Helmet and carelessness set forth below, Plaintiff Caleb Leone has suffered, yet suffers and will/may suffer for an indefinite time in the future injuries including but not limited to: severe traumatic brain injury, right sided hemiplegia, aphasia, and shock to his nerves and nervous system, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

21.     As a result of the aforesaid Helmet and impact and injuries sustained, Plaintiff Caleb Leone has been forced to undergo medical treatment, including but not limited to diagnostic studies, medications, surgeries, and therapies, and will/may be forced to undergo medical treatment at an undetermined time in the future.

22.     As a result of the aforesaid Helmet and impact and injuries sustained, Plaintiffs have expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff Caleb Leone of his injuries all to their great financial loss and damage.

23.     As a result of the aforesaid Helmet and impact and injuries sustained, Plaintiff Caleb Leone has been, yet is and will/may for an indefinite time in the future, be unable to go about his usual and daily occupations and routines.

24.     As a result of the aforesaid Helmet and impact and injuries sustained, Plaintiff Caleb Leone has been, yet is and will/may for an indefinite time in the future be forced to forego the pleasures of life.

25.     As a result of the aforesaid Helmet and impact and injuries sustained, Plaintiff Caleb Leone has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity and will/may continue to suffer same forever in the future.

**B. The Riddell Defendants knew better than to design, manufacture, and market the defective Helmet, but ignored its defects and did so anyway.**

26.     The Defendants are not strangers to catastrophic injuries sustained by football players like Caleb Leone wearing their products. The Riddell Defendants have known—for years—that the Revolution line of helmets, which the Helmet is a part of, are defective and do not adequately protect the brains of adolescents—the targets of much of the Riddell Defendants' marketing and sales efforts.

27.     Both the Helmet's design and the materials the Helmet is constructed with are defective. In the years preceding Caleb Leone's injury, the Defendants have been the subject of lawsuits and government investigations concerning the design, manufacture, and marketing of Riddell helmets. The Riddell Defendants have taken no action to take corrective action and/or warn about flaws in the Helmet even when they had the opportunity to do so as late as 2018 during the recertification process.

28.     As designed, manufactured, marketed, sold, and distributed, the Helmet was

unreasonably dangerous and defective because it lacked a safe means of attenuating and

absorbing the foreseeable forces of impact to minimize or reduce the forces and energy directed

to the brain of a player—like Caleb Leone. Further, the shock attenuating system was not safely

configured based on known data and technologically and economically feasible alternative

designs that are safer. Despite being aware of all of this, the Defendants failed to warn end users

of the Helmet, of the defects, and/or failed to take steps in 2018 when the helmet was in their

possession to address these flaws.

**COUNT ONE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the
Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.
<u>Design Defects</u>**

29.     The preceding paragraphs above are incorporated herein by reference as if fully

set forth here at length.

30.     At the time the Helmet was designed, manufactured, sold, and distributed by the

Riddell Defendants, it was defective in design, unreasonably dangerous, and unsafe for its

intended purpose because it did not provide adequate protection against the foreseeable risk of

brain injury. It was legally defective because it did not provide the level of safety which an

ordinary consumer would expect and/or because its design encompassed unreasonable risks that

outweighed the benefits of its inadequate design. Factually, the design defect includes, but is not

limited to the following:

        a.    failing to design and manufacture the Helmet with a safe means of attenuating
             and absorbing the foreseeable forces so that upon impact the Helmet would
             minimize and/or reduce the force and energy directed to the brain;

        b.    designing and manufacturing the Helmet with a shock attenuating system that
             was not as safely configured as it could and should have been;

9

     c.    failing to properly and adequately test the Helmet; and

     d.    other defects in the design and manufacture of the Helmet that may be discovered during the course of this matter.

31.     These defects rendered the Helmet unreasonably dangerous as designed taking into account the consumers' expectations and/or the utility of the product and the risks involved.

32.     There was a safer alternative design that in all reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the Helmet's utility. The alternative design was economically and technologically feasible at the time the Helmet left the control of Defendant Riddell, Inc.

33.     The above-referenced design defects were the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually, demand judgment against Defendant Riddell, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWO**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.**
**Manufacturing Defects**

34.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

35.     At the times the Helmet left the possession of Defendant Riddell, Inc., the Helmet deviated in its construction or quality in a manner that rendered it unreasonably dangerous.

36.     This manufacturing defect rendered the Helmet dangerous beyond what an ordinary user of the Helmet, with ordinary knowledge common to the community, would have anticipated concerning the product's characteristics.

37.     The above-referenced manufacturing defect was the producing cause of Caleb

Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as

plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually

demand judgment against Defendant Riddell, Inc., jointly and severally, in an amount in excess

of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT THREE
### Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc. Marketing Defect

38.     The preceding paragraphs above are incorporated herein by reference as if fully

set forth here at length.

39.     At the times the Helmet left the possession of Defendant Riddell, Inc., Defendant

Riddell, Inc., knew or should have known of a risk of harm presented by the Helmet.

40.     Defendant Riddell, Inc., marketed the Helmet without adequately warning of the

danger or providing instructions for safe use.

41.     This marketing defect rendered the Helmet dangerous beyond what an ordinary

user of the Helmet, with ordinary knowledge common to the community would have anticipated

concerning the product's characteristics.

42.     The above-referenced marketing defect was the producing cause of Caleb Leone's

injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as

plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually

demand judgment against Defendant Riddell, Inc., jointly and severally, in an amount in excess

of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

11

**COUNT FOUR**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of
the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.**
**Negligence**

43.     The preceding paragraphs above are incorporated herein by reference as if fully

set forth here at length.

44.     Defendant Riddell, Inc., was negligent in their design, testing, manufacture,

marketing, distribution, sale, and/or inspection and recertification of the subject Helmet in the

following respects:

        a.   failing to design and manufacture the Helmet with a safe means of attenuating
        and absorbing the foreseeable forces so that upon impact the helmet would
        minimize and/or reduce the force and energy directed to the brain;

        b.   designing and manufacturing the Helmet with a shock attenuating system
        which was not as safely configured as the Riddell Defendants' other products;

        c.   failing to properly and adequately test the Helmet;

        d.   failing to properly and adequately modify the design of the shock absorbing
        characteristics of the Helmet to provide a helmet which is capable of
        attenuating and absorbing the foreseeable forces of tackle plays during football
        and which can result in a brain injury to a player—including but not limited
        during the original manufacture and/or during the recertification process;

        e.   failing to provide appropriate and necessary instructional materials and
        warnings regarding the use of the Helmet in a fashion which would reduce or
        minimize the risk of brain injuries;

        f.   failing to provide appropriate information, warnings and/or instructions
        regarding the fact that other model helmets provided greater shock attenuation,
        thereby reducing the energy the Helmet allows to be delivered to the brain; and

        g.   other acts of negligence that may be discovered during the course of this
        matter.

45.     Each of these acts and omissions by Defendant Riddell, Inc., singularly or in

combination with others, constituted negligence that proximately caused Caleb Leone's

extensive injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FIVE
### Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.
### Punitive Damages

46.    The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

47.    Defendants' tortious conduct was malicious, fraudulent, and/or grossly negligent.

48.    Defendants' malicious, fraudulent, and/or grossly negligent conduct was carried out by Defendants personally, through Defendants' authorized agents, employees, managers, officers, directors, vice-principals, and/or principals of the Defendants who were acting within the course and scope of their agency, employment, partnership, and/or joint venture. Alternatively, Defendants' malicious, fraudulent, and/or grossly negligent conduct was subsequently approved by or ratified by Defendants.

49.    Defendants intentionally breached the legal duties they owed Plaintiffs such that they could take undue advantage of Plaintiffs and/or otherwise maliciously treat Plaintiffs. The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to Plaintiff and others.

50.    Additionally, Defendants had actual, subjective awareness of the risk to Plaintiffs and others but proceeded anyway with a conscience indifference to the rights, safety, or welfare of Plaintiffs and others.

13

51.     Defendants' conduct was performed and/or designed with a specific intent to cause substantial injury or harm to Plaintiffs. As alleged herein, Defendants' conduct is an example of why punitive damages exist, and Plaintiffs allege that Defendants' conduct rises to the level warranting the imposition of exemplary damages against Defendants at trial.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT SIX**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**Design Defects**

52.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

53.     At the time the Helmet was designed, manufactured, sold, and distributed by Defendant BRG Sports, Inc., it was defective in design, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection against the foreseeable risk of brain injury. It was legally defective because it did not provide the level of safety which an ordinary consumer would expect and/or because its design encompassed unreasonable risks that outweighed the benefits of its inadequate design. Factually, the design defect includes, but is not limited to the following:

   a.  failing to design and manufacture the Helmet with a safe means of attenuating and absorbing the foreseeable forces so that upon impact the Helmet would minimize and/or reduce the force and energy directed to the brain;

14

     b.   designing and manufacturing the Helmet with a shock attenuating system that was not as safely configured as it could and should have been;

     c.   failing to properly and adequately test the Helmet; and

     d.   other defects in the design and manufacture of the Helmet that may be discovered during the course of this matter.

54.     These defects rendered the Helmet unreasonably dangerous as designed taking into account the consumers' expectations and/or the utility of the product and the risks involved.

55.     There was a safer alternative design that in all reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the Helmet's utility. The alternative design was economically and technologically feasible at the time the Helmet left the control of Defendant BRG Sports, Inc..

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant BRG Sports, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT SEVEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. BRG Sports, Inc.**
**<u>Manufacturing Defects</u>**

56.     The above-referenced design defects were the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

57.     At the times the Helmet left the possession of BRG Sports, Inc., the Helmet deviated in its construction or quality in a manner that rendered it unreasonably dangerous.

58.     This manufacturing defect rendered the Helmet dangerous beyond what an ordinary user of the Helmet, with ordinary knowledge common to the community, would have anticipated concerning the product's characteristics.

59.     The above-referenced manufacturing defect was the producing cause of Caleb

Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as

plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually

demand judgment against Defendant BRG Sports, Inc., jointly and severally, in an amount in

excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT EIGHT**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of**
**the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**Marketing Defect**

60.     The preceding paragraphs above are incorporated herein by reference as if fully

set forth here at length.

61.     At the times the Helmet left the possession of Defendant BRG Sports, Inc.,

Defendant BRG Sports, Inc., knew or should have known of a risk of harm presented by the

Helmet.

62.     Defendant BRG Sports, Inc., marketed the Helmet without adequately warning of

the danger or providing instructions for safe use.

63.     This marketing defect rendered the Helmet dangerous beyond what an ordinary

user of the Helmet, with ordinary knowledge common to the community would have anticipated

concerning the product's characteristics.

64.     The above-referenced marketing defect was the producing cause of Caleb Leone's

injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as

plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually

demand judgment against Defendant BRG Sports, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT NINE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of**
**the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**<u>Negligence</u>**

65.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

66.     Defendant BRG Sports, Inc., was negligent in their design, testing, manufacture, marketing, distribution, sale and/or inspection and recertification of the subject Helmet in the following respects:

      a.   failing to design and manufacture the Helmet with a safe means of attenuating and absorbing the foreseeable forces so that upon impact the helmet would minimize and/or reduce the force and energy directed to the brain;

      b.   designing and manufacturing the Helmet with a shock attenuating system which was not as safely configured as the Riddell Defendants' other products;

      c.   failing to properly and adequately test the Helmet;

      d.   failing to properly and adequately modify the design of the shock absorbing characteristics of the Helmet to provide a helmet which is capable of attenuating and absorbing the foreseeable forces of tackle plays during football and which can result in a brain injury to a player—including but not limited during the original manufacture and/or during the recertification process;

      e.   failing to provide appropriate and necessary instructional materials and warnings regarding the use of the Helmet in a fashion which would reduce or minimize the risk of brain injuries;

      f.   failing to provide appropriate information, warnings and/or instructions regarding the fact that other model helmets provided greater shock attenuation, thereby reducing the energy the Helmet allows to be delivered to the brain; and

17

g.  other acts of negligence that may be discovered during the course of this matter.

67.  Each of these acts and omissions by Defendant BRG Sports, Inc., singularly or in combination with others, constituted negligence that proximately caused Caleb Leone's extensive injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant BRG Sports, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**Punitive Damages**

68.  The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

69.  Defendants' tortious conduct was malicious, fraudulent, and/or grossly negligent.

70.  Defendants' malicious, fraudulent, and/or grossly negligent conduct was carried out by Defendants personally, through Defendants' authorized agents, employees, managers, officers, directors, vice-principals, and/or principals of the Defendants who were acting within the course and scope of their agency, employment, partnership, and/or joint venture. Alternatively, Defendants' malicious, fraudulent, and/or grossly negligent conduct was subsequently approved by or ratified by Defendants.

71.  Defendants intentionally breached the legal duties they owed Plaintiffs such that they could take undue advantage of Plaintiffs and/or otherwise maliciously treat Plaintiffs. The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoint,

involved an extreme degree of risk when considering the probability and magnitude of the potential harm to Plaintiff and others.

72.     Additionally, Defendants had actual, subjective awareness of the risk to Plaintiffs and others but proceeded anyway with a conscience indifference to the rights, safety, or welfare of Plaintiffs and others.

73.     Defendants' conduct was performed and/or designed with a specific intent to cause substantial injury or harm to Plaintiffs. As alleged herein, Defendants' conduct is an example of why punitive damages exist, and Plaintiffs allege that Defendants' conduct rises to the level warranting the imposition of exemplary damages against Defendants at trial.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant BRG Sports, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT ELEVEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell Sports Group, Inc.**
**Design Defects**

74.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

75.     At the time the Helmet was designed, manufactured, sold, and distributed by Defendant Riddell Sports Group, Inc., it was defective in design, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection against the foreseeable risk of brain injury. It was legally defective because it did not provide the level of safety which an ordinary consumer would expect and/or because its design encompassed

19

unreasonable risks that outweighed the benefits of its inadequate design. Factually, the design

defect includes, but is not limited to the following:

      a.   failing to design and manufacture the Helmet with a safe means of attenuating and absorbing the foreseeable forces so that upon impact the Helmet would minimize and/or reduce the force and energy directed to the brain;

      b.   designing and manufacturing the Helmet with a shock attenuating system that was not as safely configured as it could and should have been;

      c.   failing to properly and adequately test the Helmet; and

      d.   other defects in the design and manufacture of the Helmet that may be discovered during the course of this matter.

76.    The defects rendered the Helmet unreasonably dangerous as designed taking into account the consumers' expectations and/or the utility of the product and the risks involved.

77.    There was a safer alternative design that in all reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the Helmet's utility. The alternative design was economically and technologically feasible at the time the Helmet left the control of Defendant Riddell Sports Group, Inc.

78.    The above-referenced design defects were the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually, demand judgment against Defendant Riddell Sports Group, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWELVE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell Sports Group, Inc.**

**Manufacturing Defects**

79.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

80.     At the times the Helmet left the possession of the Defendant Riddell Sports Group, Inc., the Helmet deviated in its construction or quality in a manner that rendered it unreasonably dangerous.

81.     This manufacturing defect rendered the Helmet dangerous beyond what an ordinary user of the Helmet, with ordinary knowledge common to the community, would have anticipated concerning the product's characteristics.

82.     The above-referenced manufacturing defect was the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell Sports Group, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT THIRTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell Sports Group, Inc.**
**Marketing Defect**

83.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

84.     At the times the Helmet left the possession of Defendant Riddell Sports Group, Inc., Defendant Riddell Sports Group, Inc. knew or should have known of a risk of harm presented by the Helmet.

85.     Defendant Riddell Sports Group, Inc., marketed the Helmet without adequately warning of the danger or providing instructions for safe use.

86.     This marketing defect rendered the Helmet dangerous beyond what an ordinary user of the Helmet, with ordinary knowledge common to the community would have anticipated concerning the product's characteristics.

87.     The above-referenced marketing defect was the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell Sports Group, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FOURTEEN
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of
the Estate and Person of Caleb Leone and Caleb Leone, Individually v.
Riddell Sports Group, Inc.**
**Negligence**

88.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

89.     Defendant Riddell Sports Group, Inc., was negligent in their design, testing, manufacture, marketing, distribution, sale, and/or inspection and recertification of the subject Helmet in the following respects:

a. failing to design and manufacture the Helmet with a safe means of attenuating and absorbing the foreseeable forces so that upon impact the helmet would minimize and/or reduce the force and energy directed to the brain;

b. designing and manufacturing the Helmet with a shock attenuating system which was not as safely configured as the Riddell Defendants' other products;

c. failing to properly and adequately test the Helmet;

d. failing to properly and adequately modify the design of the shock absorbing characteristics of the Helmet to provide a helmet which is capable of attenuating and absorbing the foreseeable forces of tackle plays during football and which can result in a brain injury to a player—including but not limited during the original manufacture and/or during the recertification process;

e. failing to provide appropriate and necessary instructional materials and warnings regarding the use of the Helmet in a fashion which would reduce or minimize the risk of brain injuries;

f. failing to provide appropriate information, warnings and/or instructions regarding the fact that other model helmets provided greater shock attenuation, thereby reducing the energy the Helmet allows to be delivered to the brain; and

g. other acts of negligence that may be discovered during the course of this matter.

90. Each of these acts and omissions by Defendant Riddell Sports Group, Inc., singularly or in combination with others, constituted negligence that proximately caused Caleb Leone's extensive injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell Sports Group, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FIFTEEN
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell Sports Group, Inc.**

23

**Punitive Damages**

91.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

92.     Defendants' tortious conduct was malicious, fraudulent, and/or grossly negligent.

93.     Defendants' malicious, fraudulent, and/or grossly negligent conduct was carried out by Defendants personally, through Defendants' authorized agents, employees, managers, officers, directors, vice-principals, and/or principals of the Defendants who were acting within the course and scope of their agency, employment, partnership, and/or joint venture. Alternatively, Defendants' malicious, fraudulent, and/or grossly negligent conduct was subsequently approved by or ratified by Defendants.

94.     Defendants intentionally breached the legal duties they owed Plaintiffs such that they could take undue advantage of Plaintiffs and/or otherwise maliciously treat Plaintiffs. The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to Plaintiff and others.

95.     Additionally, Defendants had actual, subjective awareness of the risk to Plaintiffs and others but proceeded anyway with a conscience indifference to the rights, safety, or welfare of Plaintiffs and others.

96.     Defendants' conduct was performed and/or designed with a specific intent to cause substantial injury or harm to Plaintiffs. As alleged herein, Defendants' conduct is an example of why punitive damages exist, and Plaintiffs allege that Defendants' conduct rises to the level warranting the imposition of exemplary damages against Defendants at trial.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell Sports Group, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT SIXTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell/All American Sports Corporation**
<u>**Design Defects**</u>

97.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

98.     At the time the Helmet was designed, manufactured, sold, and distributed by Defendant Riddell/All American Sports Corporation, it was defective in design, unreasonably dangerous, and unsafe for its intended purpose because it did not provide adequate protection against the foreseeable risk of brain injury. It was legally defective because it did not provide the level of safety which an ordinary consumer would expect and/or because its design encompassed unreasonable risks that outweighed the benefits of its inadequate design. Factually, the design defect includes, but is not limited to the following:

  a.  failing to design and manufacture the Helmet with a safe means of attenuating and absorbing the foreseeable forces so that upon impact the Helmet would minimize and/or reduce the force and energy directed to the brain;

  b.  designing and manufacturing the Helmet with a shock attenuating system that was not as safely configured as it could and should have been;

  c.  failing to properly and adequately test the Helmet; and

  d.  other defects in the design and manufacture of the Helmet that may be discovered during the course of this matter.

25

99.     These defects rendered the Helmet unreasonably dangerous as designed taking into account the consumers' expectations and/or the utility of the product and the risks involved.

100.     There was a safer alternative design that in all reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the Helmet's utility. The alternative design was economically and technologically feasible at the time the Helmet left the control of Defendant Riddell/All American Sports Corporation.

101.     The above-referenced design defects were the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell/All American Sports Corporation, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT SEVENTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell/All American Sports Corporation**
**Manufacturing Defects**

102.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

103.     At the times the Helmet left the possession of the Defendant Riddell/All American Sports Corporation, the Helmet deviated in its construction or quality in a manner that rendered it unreasonably dangerous.

104.     This manufacturing defect rendered the Helmet dangerous beyond what an ordinary user of the Helmet, with ordinary knowledge common to the community, would have anticipated concerning the product's characteristics.

105.     The above-referenced manufacturing defect was the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell/All American Sports Corporation, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT EIGHTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell/All American Sports Corporation**
**Marketing Defect**

106.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

107.     At the times the Helmet left the possession of Defendant Riddell/All American Sports Corporation, Defendant Riddell/All American Sports Corporation, knew or should have known of a risk of harm presented by the Helmet.

108.     Defendant Riddell/All American Sports Corporation, marketed the Helmet without adequately warning of the danger or providing instructions for safe use.

109.     This marketing defect rendered the Helmet dangerous beyond what an ordinary user of the Helmet, with ordinary knowledge common to the community would have anticipated concerning the product's characteristics.

27

110.    The above-referenced marketing defect was the producing cause of Caleb Leone's injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell/All American Sports Corporation, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT NINETEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell/All American Sports Corporation**
**Negligence**

111.    The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

112.    Defendant Riddell/All American Sports Corporation, was negligent in their design, testing, manufacture, marketing, distribution, sale, and/or inspection and recertification of the subject Helmet in the following respects:

    a.    failing to design and manufacture the Helmet with a safe means of attenuating and absorbing the foreseeable forces so that upon impact the helmet would minimize and/or reduce the force and energy directed to the brain;

    b.    designing and manufacturing the Helmet with a shock attenuating system which was not as safely configured as the Riddell Defendants' other products;

    c.    failing to properly and adequately test the Helmet;

    d.    failing to properly and adequately modify the design of the shock absorbing characteristics of the Helmet to provide a helmet which is capable of attenuating and absorbing the foreseeable forces of tackle plays during football and which can result in a brain injury to a player—including but not limited during the original manufacture and and/or during the recertification process;

28

e.   failing to provide appropriate and necessary instructional materials and warnings regarding the use of the Helmet in a fashion which would reduce or minimize the risk of brain injuries;

f.   failing to provide appropriate information, warnings and/or instructions regarding the fact that other model helmets provided greater shock attenuation, thereby reducing the energy the Helmet allows to be delivered to the brain; and

g.   other acts of negligence that may be discovered during the course of this matter.

113.   Each of these acts and omissions by Defendant Riddell/All American Sports Corporation, singularly or in combination with others, constituted negligence that proximately caused Caleb Leone's extensive injuries and Plaintiffs' damages.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually demand judgment against Defendant Riddell/All American Sports Corporation, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWENTY**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell/All American Sports Corporation**
**Punitive Damages**

114.   The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

115.   Defendants' tortious conduct was malicious, fraudulent, and/or grossly negligent.

116.   Defendants' malicious, fraudulent, and/or grossly negligent conduct was carried out by Defendants personally, through Defendants' authorized agents, employees, managers, officers, directors, vice-principals, and/or principals of the Defendants who were acting within the course and scope of their agency, employment, partnership, and/or joint venture.

Alternatively, Defendants' malicious, fraudulent, and/or grossly negligent conduct was subsequently approved by or ratified by Defendants.

117.    Defendants intentionally breached the legal duties they owed Plaintiffs such that they could take undue advantage of Plaintiffs and/or otherwise maliciously treat Plaintiffs. The acts or omissions of Defendants, when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to Plaintiff and others.

118.    Additionally, Defendants had actual, subjective awareness of the risk to Plaintiffs and others but proceeded anyway with a conscience indifference to the rights, safety, or welfare of Plaintiffs and others.

119.    Defendants' conduct was performed and/or designed with a specific intent to cause substantial injury or harm to Plaintiffs. As alleged herein, Defendants' conduct is an example of why punitive damages exist, and Plaintiffs allege that Defendants' conduct rises to the level warranting the imposition of exemplary damages against Defendants at trial.

**WHEREFORE**, Plaintiffs Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardians of the Estate and Person of Caleb Leone and Caleb Leone, Individually, demand judgment against Defendant Riddell/All American Sports Corporation, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW PC**

BY: _____
Marion Munley
ID No.: 46957

30

Ciara L. DeNaples
ID No.: 318423

**ANAPOL WEISS**

BY: _____
Larry E. Coben
ID No.: 17523

Jo Ann Niemi
ID No.: 326595

## VERIFICATION

I hereby depose and state that I am a Plaintiff in the above-captioned action and that the factual statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

Danielle M. Leone, Individually and as
Plenary co-guardians of the Estate and
Person of Caleb Leone and Caleb Leone,
individually

Jacob M. Leone, Individually and as
Plenary co-guardians of the Estate and
Person of Caleb Leone and Caleb Leone,
individually

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: /Plaintiff/

Signature:

Name: Marion Munley

Attorney No. (if applicable): 46957