## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DANIELLE M. LEONE AND JACOB :
M. LEONE, individually and as :
Plenary co-guardians of the Estate and :
Person of CALEB LEONE and :
CALEB LEONE, Individually, :
                         : No. 4:21-cv-00800-MWB
        Plaintiffs, :
                    : (Honorable Matthew W. Brann)
                    :
    v. :
                    :
                    :
RIDDELL, INC., et al. :
                    :
        Defendants. :

### ANSWER TO COMPLAINT

COME NOW Defendants Riddell, Inc., BRG Sports, Inc., Riddell Sports Group, Inc., and All American Sports Corporation (hereinafter "Defendants") and file their Answer to Plaintiffs' Complaint. In support thereof, Defendants respectfully state as follows:

### THE PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      In response to Paragraph 3 of Plaintiffs' Complaint, Defendants admit that Riddell, Inc. is a corporation organized and existing under the laws of the State of Illinois witah its principal place of business in the State of Illinois. The remaining allegations are vague and confusing because they do not indicate the manner of service or the state of filing, among other things, and are denied.

4.     In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendants admit that BRG Sports, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. Defendants deny Plaintiffs' allegation that its principal place of business is in California. The remaining allegations are vague and confusing because they do not indicate the manner of service or the state of filing, among other things, and are denied.

5.     In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendants admit that Riddell Sports Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. Defendants deny the remaining allegations in Paragraph 5.

6.     With respect to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendants admit that All American Sports Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio. Defendants deny any allegations inconsistent with this admission. The remaining allegations are vague and confusing because they do not indicate the manner of service or the state of filing, among other things, and are denied.

7.     In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendants admit that Riddell, Inc. and All American Sports Corporation are wholly-owned subsidiaries of Riddell Sports Group, Inc. Defendants further admit that BRG Sports, Inc. is the parent company of Riddell Sports Group, Inc. Defendants deny any allegations inconsistent with these admissions.

8.     Paragraph 8 of Plaintiffs' Complaint contains legal conclusions, to which no response is required. Further, the phrases "regularly," "continuously," and "systematically" are

undefined and therefore vague and ambiguous. For these reasons, Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint. However, Defendants do not object to venue in this Court.

## FACTUAL BACKGROUND

**A. Caleb Leone suffered a devastating brain injury due to the defective design, manufacturing, and marketing of the Helmet by the Riddell Defendants.**

9.      In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Caleb Leone "suited up" for football practice on or about August 13, 2018, or as to what make and/or model of helmet he wore at the time. Defendants admit that Riddell helmets, including the Revolution Speed model, include warning labels on the interior and exterior of the helmets, containing warnings and other information, and were accompanied by hang tags containing warnings. Riddell denies any allegations contained in Paragraph 9 of Plaintiffs' Complaint not specifically admitted herein. Further, Riddell denies the allegations in the unnumbered heading (header A) above Paragraph 9.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants deny the allegations in Paragraph 19 as stated.

20.     In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. On that basis, Defendants deny the allegations in Paragraph 20.

21.     In response to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. On that basis, Defendants deny the allegations in Paragraph 21.

22.     In response to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or

breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. On that basis, Defendants deny the allegations in Paragraph 22.

23.     In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. On that basis, Defendants deny the allegations in Paragraph 23.

24.     In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. On that basis, Defendants deny the allegations in Paragraph 24.

25.     In response to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. On that basis, Defendants deny the allegations in Paragraph 25.

**B. The Riddell Defendants knew better than to design, manufacture, and market the defective Helmet, but ignored its defects and did so anyway.**

26.     In response to Paragraph 26 of Plaintiffs' Complaint, Defendants admit that football players can sustain catastrophic injuries playing football, as Riddell helmets warn. But Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries.

Case 4:21-cv-00800-MWB   Document 5   Filed 05/10/21   Page 6 of 23

Defendants otherwise deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint. Further, Riddell denies the allegations in the unnumbered heading (header B) above Paragraph 26.

27.     In response to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, Defendants deny that the Revolution Speed helmet was defective or unreasonably dangerous in design, manufacture, warnings/marketing, or other respect, that the Defendants were negligent or breached any duties owed, and that the helmet caused or contributed to causing the alleged injuries. Defendants admit that they have been subject of baseless lawsuits pertaining to helmets. Defendants otherwise deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

**COUNT ONE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell, Inc.**
**Design Defects**

29.     In response to Paragraph 29 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint, including its subparts.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 33 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not

require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

## COUNT TWO
### Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.
### Manufacturing Defects

34.　In response to Paragraph 34 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

35.　Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.　Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.　Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 37 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

## COUNT THREE
### Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.
### Marketing Defect

38.　In response to Paragraph 38 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

39.　Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.　Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 42 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT FOUR**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian of the Estate and Person of Caleb Leone and Caleb Leone, Individually v. Riddell, Inc.**
**Negligence**

43.     In response to Paragraph 43 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint, including its subparts.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 45 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

8

**COUNT FIVE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell, Inc.**
**Punitive Damages**

46.      In response to Paragraph 46 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

47.      Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.      Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.      Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.      Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.      Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 51 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT SIX**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**Design Defects**

52.      In response to Paragraph 52 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

53.      Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint, including its subparts.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 55 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that BRG Sports, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT SEVEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**Manufacturing Defects**

56.     In response to Paragraph 56 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 59 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that BRG Sports, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT EIGHT**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**<u>Marketing Defect</u>**

60.     In response to Paragraph 60 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 64 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that BRG Sports, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT NINE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**<u>Negligence</u>**

65.     In response to Paragraph 65 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint, including its subparts.

67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 67 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that BRG Sports, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT TEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**BRG Sports, Inc.**
**<u>Punitive Damages</u>**

68.    In response to Paragraph 68 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 73 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that BRG Sports, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT ELEVEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell Sports Group, Inc.**
**Design Defects**

74.     In response to Paragraph 74 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint, including its subparts.

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 78 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell Sports Group, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT TWELVE**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell Sports Group, Inc.**
**Manufacturing Defects**

79.     In response to Paragraph 79 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 82 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell Sports Group, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT THIRTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell Sports Group, Inc.**
**Marketing Defect**

83.     In response to Paragraph 83 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 87 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell Sports Group, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT FOURTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell Sports Group, Inc.**
**Negligence**

88.     In response to Paragraph 88 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint, including its subparts.

90.     Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 90 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell Sports Group, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT FIFTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell Sports Group, Inc.**
**Punitive Damages**

91.     In response to Paragraph 91 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 96 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that Riddell Sports Group, Inc. or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT SIXTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell/All American Sports Corporation**
**<u>Design Defects</u>**

97.     In response to Paragraph 97 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint, including its subparts.

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 101 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and

deny that All American Sports Group or any other Defendant is liable to Plaintiffs in any way or for any amount.

## COUNT SEVENTEEN
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian
of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.
Riddell/All American Sports Corporation**
<u>**Manufacturing Defects**</u>

102.    In response to Paragraph 102 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 105 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that All American Sports Group or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT EIGHTEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell/All American Sports Corporation**
**<u>Marketing Defect</u>**

106.   In response to Paragraph 106 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

107.   Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.   Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.   Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.   Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 110 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that All American Sports Group or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT NINETEEN**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell/All American Sports Corporation**
**Negligence**

111.   In response to Paragraph 111 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

112.   Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint, including its subparts.

113.   Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 113 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that All American Sports Group or any other Defendant is liable to Plaintiffs in any way or for any amount.

**COUNT TWENTY**
**Danielle M. Leone and Jacob M. Leone, individually and as plenary co-guardian**
**of the Estate and Person of Caleb Leone and Caleb Leone, Individually v.**
**Riddell/All American Sports Corporation**
**Punitive Damages**

114.   In response to Paragraph 114 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs in its Answer to Plaintiffs' Complaint.

115.   Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

19

116.    Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

In response to the unnumbered paragraph beginning "WHEREFORE" below Paragraph 119 of Plaintiffs' Complaint, Defendants state that this paragraph consists of statements that do not require a response. To the extent a response is required, Defendants deny the allegations and deny that All American Sports Group or any other Defendant is liable to Plaintiffs in any way or for any amount.

Defendants deny all allegations contained in the unnumbered paragraphs and headings in the Plaintiffs' Complaint and deny all allegations not specifically admitted.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues triable pursuant to Federal Rule of Civil Procedure 38.

## AFFIRMATIVE DEFENSES

Defendants will rely on all defenses lawfully available at the time of trial. Discovery has not yet commenced, and Defendants reserve the right to amend their Answer to add or otherwise state additional affirmative defenses discovered during the course of discovery, including defenses based on factual developments.

At this time, Defendants assert the following defenses based on information and belief:

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims may be barred or limited by the contributory or comparative negligence or fault of their own actions or inactions.

3.      Plaintiffs' claims may be barred, reduced, and/or otherwise limited by the assumption of risk on the part of Caleb Leone and/or his adult guardians, including but not limited to with respect to his participation in playing football. Caleb Leone and/or his adult guardians voluntarily proceeded to encounter a known danger—the risk of physical injuries including head and brain injuries regardless of wearing a football helmet—in playing football. Caleb Leone and/or his guardians were aware or should have been aware that risk of injury is an inherent part of the game.

4.      Plaintiffs' injuries, if any, were caused by the fault of another party outside of Defendants' control or responsibility, including but not limited to with respect to Caleb Leone's football play. In that latter respect, there were many other parties involved with Caleb Leone's football play, including his school, school coaching staff, athletic trainers, team physicians, personal physicians, parents or legal guardians, and other helmet manufacturers, among others.

5.      The design and manufacture of the Riddell helmet that may be at issue conformed with state of the art in the industry at the time of design, manufacture, and warnings, and were consistent with then-existing industry customs, standards, and practices.

6.      Plaintiffs' claims may be barred in whole or in part by unforeseeable and/or unreasonable and/or negligent misuse, abuse, alteration, and/or modification of the helmet(s) and/or failure to maintain the helmet(s) by someone other than Defendants.

7.     The damages of Plaintiffs, if any, are limited by the doctrine of avoidable consequences.

8.     To the extent Plaintiffs receive or have received any monies, or payments have been made on their behalf, related to the allegations or damages sought in their Complaint, Defendants are entitled to an offset to the extent provided by law.

9.     Plaintiffs' claims, if any, are barred, reduced and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and setoffs permitted by law, including, but not limited to Pennsylvania law regarding non-economic loss or injury, and applicable Pennsylvania law related to amounts paid or provided by collateral sources.

Respectfully submitted,

Benjamin A. Nicolosi, Jr., Esq.
MARSHALL, DENNEHEY, WARNER,
COLEMAN & COGGIN, P.C.
Atty. I.D.  69551
P.O. Box 3118
Scranton, PA 18505
Telephone: (570) 496-4606
BANicolosi@MDWCG.com
*Counsel for Defendants*

Eden M. Darrell (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA  23219
Telephone: (804) 649-8200
Facsimile:  (804) 649-1762
rob.wise@bowmanandbrooke.com
eden.darrell@bowmanandbrooke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed and served via ECF on May 10, 2021, on all counsel registered to receive service via the Court's ECF system.

Benjamin A. Nicolosi, Jr., Esq.
MARSHALL, DENNEHEY, WARNER,
COLEMAN & COGGIN, P.C.
Atty. I.D. 69551
P.O. Box 3118
Scranton, PA 18505
Telephone: (570) 496-4606
BANicolosi@MDWCG.com
*Counsel for Defendants*