**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF APPLICATION FOR  :
ADMISSION TO PRACTICE IN THIS COURT  :

**PETITION**

I <u>Robert Latante Wise</u>, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court. In support of my petition, I state as follows

My office address is: Bowman and Brooke, LLP

901 E. Byrd Street, Suite 1650

Richmond, VA 23219

Office Telephone: (804) 819-1134

I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts.

See Attached

My attorney Identification number is: VA: 42030; IL: 632338

FOR COURT USE ONLY

_____ GENERAL ADMISSION:

GRANTED BY THE COURT: _____    Date: _____

_____ SPECIAL ADMISSION:

GRANTED BY THE COURT _____    Date: _____

Please Answer the Following Questions:

  All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)    See attached

_____

_____

_____

  All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)    None

I do _____, do not __X__, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain: _____

_____

I am seeking:

_____ General Admission under Local Rule LR 83.8.1

__X___ Special Admission (specify by a check which rule) under

LR 83.8.2.1 _X_, LR 83.8.2.2 ____, LR 83.8.2.3 ____, or LR 83.8.2.4 ____

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:
I seek pro hac vice admission for the purpose of appearing as counsel for Riddell, Inc.,
 BRG Sports, Inc., Riddell Sports Group, Inc., All American Sports Corporation
_____

NAME THE PARTY YOU REPRESENT:

 Riddell, Inc., BRG Sports, Inc., Riddell Sports Group, Inc., All American Sports Corp.
_____

If special admission is requested for a particular case, please list case number and caption:

Case #  4:21-cv-00800-MWB

Caption #  Danielle M. Leone and Jacob M. Leone v. Riddell, Inc., et al.

I understand that:

1) If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2) If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences and trials. (See LR 83.9)

   If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:
   Benjamin A. Nicolosi, Jr. (Attorney I.D. 69551), MARSHALL, DENNEHEY, WARNER, COLEMAN AND COGGIN, P.C., P.O. Box 3118, Scranton PA 18505; Phone: 570.496.4606

3) If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

PETITIONER
VA: 42030; IL: 6323383
(Bar Identification Number and State where admitted)

(Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER   Robert Latane Wise

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

**CODE OF PROFESSIONAL CONDUCT**

**As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:**

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are life lines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

I agree to subscribe to the above Code of Professional Conduct:

_____
Signature

**Robert L. Wise**
**Bar Admissions**

| Bar | Date of Admission |
|---|---|
| Virginia | 10/09/1997 |
| Illinois | 04-30-2019 |
| USSC | 06-01-2010 |
| USCA 4th | 02-22-1999 |
| USCA 9th | 05-19-2015 |
| USCA 6th | 04-04-2017 |
| USDC EDVA | 04-28-1998 |
| USDC WDVA | 11-13-2001 |
| USDC NDOK | 03-24-2005 |
| USDC WDMI | 03-14-2011 |
| USDC SDIN | 04-16-2014 |
| USDC NDIL (General Bar) | 01-04-2019 |
| USDC EDMI | 11-01-2019 |

**Addendum to Application for Admission to Practice**

**Question: All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state 'none'.)."**

I have not been "convicted of a crime (subsequent to my becoming an attorney)" nor "suspended … or disbarred." I answered Yes to this question only because I have been either been either "censured" or "disciplined" by a court (depending on how this Court sees the following facts). In short, over fourteen years ago, I was the subject of a small monetary judicial sanction in connection with motions practice. The facts and final disposition of this account follow.

In May 2005, the Circuit Court of Fairfax County, Virginia entered an order granting sanctions against me personally based my having signed a grounds of defense (essentially, an answer under former Virginia state-court practice), which the court believed violated Virginia Code § 8.01-271.1. Specifically, the grounds of defense listed several affirmative defenses that we stated our clients may rely on if applicable and if proved at trial. The affirmative defenses we asserted were those which are commonly implicated in personal injury, products liability actions, which the case at issue was. We asserted those defenses out of concern that we did not want them to be deemed waived if not timely asserted—a common concern in Virginia practice.

The other side filed a motion to strike all the defenses, arguing that we did not provide any facts to support them in our responses to discovery. We conferred with the other side and agreed to waive some of the defenses, but explained that other listed defenses may still be warranted, and that we would have to see where discovery took the parties before determining whether those remaining defenses would be pursued or withdrawn.

In addition, the case had been filed once before and nonsuited. In that prior action, we asserted the same defenses. The other side had made a similar motion to strike those defenses. The parties were able to resolve the same issue in the prior action without court intervention by us withdrawing some of the defenses, the other side withdrawing some of its challenges, and the parties agreeing that it was premature to ask for a ruling on the remaining defenses because discovery was not complete. In fact, the other side signed an order agreeing that the issue of the remaining affirmative defenses would not be revisited until after the other side made its expert disclosures, at which time the parties would know better the issues and what defenses might still be appropriate.

Despite this prior history, in the refiled action, the other side rejected our proposal to address this issue the same way the parties resolved it in the prior case. Instead, the other side insisted on a hearing.

During the hearing, the court took issue with the fact that we did not have specific facts in mind when we pled the affirmative defenses. We explained that we pled the

defenses so they would not be deemed waived, and that we had pled the defenses as "if applicable and if proved at trial." The court rejected our arguments and disagreed with our explanation that, because our actions were entirely consistent with the parties' course of dealing from the prior case, there was no lack of good faith. The court held that we had to have specific facts supporting the affirmative defenses at the time we filed the grounds of defense. Since we did not, the court held that the defenses violated Virginia Code § 8.01-271.1, which states:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Va. Code Ann. § 8.01-271.1.

I was the one who signed the grounds of defense. Therefore, the court sanctioned me $2,000 personally. I appealed the ruling to the Supreme Court of Virginia, asserting several arguments.

First, the practice of listing affirmative defenses that may be relied on was, prior to that time, common and widely used in the defense bar. Defense practitioners routinely asserted defenses so they would not be deemed waived, pending the discovery of facts through discovery. In the case at hand, the trial court imposed sanctions despite the fact that discovery would not close for another five months. Therefore, we argued, it was premature to require us to recite facts to support our defenses before we had the benefit of full discovery.

Second, Virginia law requires facts to support an improper purpose before a court may impose sanctions. The trial court, we argued, had no basis for a finding that the defenses were raised in bad faith or for any improper purpose. We were simply following the same practice as from the prior case. Moreover, we were following well-established Virginia practice in terms of reserving defenses to avoid having them deemed waived later.

Third, the trial court lacked any basis in the facts for its monetary award. The other side never presented any evidence to support an award of $2,000 in attorney's fees.

2

  The Supreme Court granted the appeal and the parties fully briefed it. Moreover, because the issue presented such an important issue to Virginia practitioners on both the plaintiff and defense sides of the Bar, the Chief Justice requested amicus curiae briefs from the Virginia Association of Defense Attorneys (VADA) and the Virginia Trial Lawyers Association. Both organizations submitted briefs, with VADA submitting a brief in support of my position.

  The Supreme Court heard oral argument on October 31, 2006. On January 12, 2007, the court issued an opinion affirming the sanctions award. In so doing, the court clarified that no party—neither plaintiff nor defendant—may assert claims or defenses without specific facts to support the claims. Several appellate commentators remarked on how this decision represented a major shift in Virginia practice.[1] One respected Virginia law commentator went so far as to call it the "Outrage of the Day."[2] The majority of the commentary on the decision noted that it was contrary to the common practice in the defense bar for decades.

  Since this ruling, I have lectured and written on the lessons to be learned from the *Benitez* opinion, for the benefit of my fellow bar members. In addition, at the request of the Chief Justice of the Supreme Court of Virginia, I served a three-year term as a faculty member for the Virginia State Bar's Course on Professionalism.

  I appreciate the attention to these matters and consideration of my application, and I am happy to answer any additional questions.


Dated:  May 5, 2021        /s/  *Robert L. Wise*
                Robert L. Wise

---

[1] *E.g.*, ("The *Benitez* ruling has been widely regarded as marking a sea change in defensive pleading."). L. Steven Emmert & John E. Davidson, *The Double-Edged Sword of Ford Motor Co. v. Benitez*, Virginia Appellate News & Analysis (2007), http://virginia-appeals.com/the-double-edged-sword-of-ford-motor-co-v-benitez/#.XBlhT1xKiUk.

[2] Steve Minor, *Outrage of the Day*, SW Virginia law blog (Jan. 12, 2007, 3:57 PM), http://swvalaw.blogspot.com/2007/01/outrage-of-day.html.