IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE M. LEONE AND JACOB M. LEONE, individually and as Plenary co-guardians of the Estate and Person of CALEB LEONE and CALEB LEONE, Individually,<br><br>    Plaintiffs,<br><br> v.<br><br>RIDDELL, INC., et. al.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 4:21-cv-00800-MWB<br>:<br>: (Honorable Matthew W. Brann)<br>:<br>:<br>:<br>:<br>: |

## JOINT CASE MANAGEMENT PLAN

The parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

 1.1 **Statement summarizing this case**:

 **Plaintiffs**:

 This is a products liability case in which it is alleged that 17 year old Caleb Leone suffered catastrophic brain injury during a football practice at Jersey Shore Area High School. The Plaintiff was wearing a Riddell helmet known as a "Revolution Speed" model. The technical claims relate to the helmet's design parameters, which Plaintiffs assert were defectively designed. Caleb's brain injuries have left him incapable of caring for himself.

 **Defendants**:

 Plaintiffs allege Caleb Leone suffered a brain injury as a result of an impact sustained during football practice while wearing a Riddell Revolution Speed helmet. Plaintiffs assert product liability theories.

 Defendants deny that the Revolution Speed was defective in design or manufacture and deny that any condition of the helmet caused or contributed to Caleb Leone's alleged injuries.

1.2 **The facts the parties <u>dispute</u> are as follows**:

The Plaintiffs expect that there may be disputes regarding the nature of the practice game play, as well as the factual circumstances that led to Riddell choosing the design parameters for this helmet model and alternative safer product design. These are factual issues that will relate to design defect and causation subjects. Until discovery is obtained, it is difficult to predict what other factual disputes exist.

Defendants responded to the specific factual allegations raised by plaintiffs in the Complaint, and incorporate those responses herein by reference. But generally, defendants dispute that the subject helmet was defective in design, manufacture, warnings, or in any other way, and dispute plaintiffs' allegation that a defect with a Riddell helmet caused Caleb Leone's alleged injuries. At this time, Defendants lack sufficient information with respect to many of the alleged facts concerning the alleged incident and injuries at issue to state whether those factual allegations are in dispute.

**The facts the parties <u>agree</u> upon are as follows**:

Parties agree Riddell designed and manufactured the Revolution Speed helmet, however, at this time, Defendants have not confirmed that Caleb Leone wore a Revolution Speed helmet as alleged.

1.3 **The legal issues the parties <u>dispute</u> are as follows**:

The Plaintiffs dispute the affirmative defenses raised by Riddell in its Answer to the Complaint.

Defendants dispute that they are liable to plaintiffs under theories of strict liability, negligence, or any other theory. Additionally, Defendants dispute that the helmet or their conduct is causally related to the injuries alleged in the plaintiffs' Complaint. Defendants further dispute that they are liable for punitive damages and dispute that plaintiffs have adequately alleged facts to support punitive damages. Defendants asserted affirmative defenses in their Answer and incorporate those defenses herein by reference.

**The legal issues the parties <u>agree</u> upon are as follows**:

It is premature at this time for the parties to determine which legal issues, if any, they agree upon.

1.4 **Unresolved issues regarding service of process, personal jurisdiction, subject matter jurisdiction, or venue**:

None.

1.5 **Identify any named parties that have not yet been served**:

None.

**1.6** **Identify any additional parties**

**That plaintiffs intend to join:**

None at this time.

**That Defendants intend to join:**

At this time, Defendants do not intend to join any additional parties.

**1.7** **Identify any additional claims**

**The Plaintiffs intend to add:**

None at this time.

**That Defendants intend to add**:

None at this time.

**2.** **Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided that rule.

2.1 **Separately for each party, list by name and title/position each person whose identity has been disclosed**.

**Disclosed by the Plaintiffs**:

The Plaintiffs and other family members

- Thomas Gravish – former football coach
- David Tomb – former teammate
- Terrence Stetts – former teammate
- Kenneth Williamson – former football coach
- Other former teammates and coaches who will be identified in discovery.
- A Jersey Shore Area School District representative to address the purchase of the helmet and reconditioning.
- A School District representative to address their evaluation of Caleb in 2019 for special education services.
- EMS and medical personnel

**Disclosed by the Defendants**:

- Caleb Leone – plaintiff
- Danielle Leone – plaintiff
- Jacob Leone – plaintiff
- Thomas Gravish – former football coach
- David Tomb – former teammate
- Terrence Stetts – former teammate
- Kenneth Williamson – former football coach
- Thad Ide – Senior Vice President of Research and Product Development, Riddell, Inc.

3.  **Early Motions**

    **Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation**:

    None known at this time.

4.  **Discovery**

    4.1  **Briefly describe any discovery that has been completed or is in progress**:

    **By Plaintiff(s):**

    Plaintiffs intend to file their initial Disclosure Statement per the Rule.

    Plaintiffs have asked Riddell to agree to produce in this case all of the technical discovery Riddell produced in a case styled: Aikens v. Riddell, Civil Action No. 5:19-CV-00121, E.D. Texas. The Aikens case involves the same model helmet and brain injury.

    Plaintiffs intend to serve Riddell with interrogatories and document requests.

    **By Defendants(s):**

    Defendants' Rule 26(a) initial disclosures have been or will be served under the time provided by the Rule.

    Defendants are in the process of issuing subpoenas duces tecum to third parties.

    Defendants will soon serve or have served interrogatories and requests for production of documents.

4

        Defendants have asked to inspect the helmet at issue to confirm that documents produced in *Aikens* are applicable in this case.

**4.2** **Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, Defendant's controller, to learn what Defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case")**

        Plaintiffs expect that fact depositions and party depositions (Rule 30b6) will be obtained. Further, Plaintiffs will need to obtain technical discovery from Riddell regarding a host of topics including but not limited to design, manufacture, testing, and claims files. The scope of discovery will require consultation with Riddell to assure the parties that all pertinent information is produced. Plaintiffs agree that other discovery is described by the Defendant below and must include the litigation experts identified by Riddell.

        Defendants: Discovery and investigation in this matter are just beginning, but at this time the Defendants intend to seek the following discovery:

- Inspection of the subject helmet to verify the model, year of manufacture, and size, and to obtain information regarding the condition of the helmet; and to determine the extent to which documents plaintiffs' counsel received through discovery in another case against Riddell apply to the specific helmet at issue in this case;
- Written discovery to plaintiffs to obtain information relevant to plaintiffs' liability and damages allegations, Riddell's defenses, and information necessary for discovery (like names of medical providers, coaches, trainers, and teammates; Caleb Leone's participation in other sports, medical and injury history, etc.);
- Subpoenas to medical providers to obtain documents relevant to the injuries alleged in this litigation and Caleb Leone's medical history and risk factors;
- Subpoenas to schools, football leagues, and other organizations and individuals to obtain information regarding Caleb Leone's football and injury history, understanding or knowledge of risks of playing football, and knowledge of football rules and playing methodologies;
- Depositions of plaintiffs to obtain information relevant to plaintiffs' liability and damages allegations, Riddell's defenses, and information necessary for discovery (like names of medical providers, coaches, trainers, and teammates; Caleb Leone's participation in other sports, medical and injury history, etc.);
- Depositions of all eyewitnesses to the incident at issue;

- Depositions of Caleb Leone's healthcare providers to obtain information relevant to the injuries alleged in this litigation and Caleb Leone's medical history and risk factors;
- Depositions of coaches, trainers, equipment managers, teammates and others to learn about Caleb Leone's football history, understanding or knowledge of risks of playing football, and knowledge of football rules and playing methodologies;
- Depositions of witnesses relevant to damages;
- Depositions of plaintiffs' expert witnesses.

4.3   **Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it**:

None known at this time.

4.4   **Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage or throughout the litigation**:

None known at this time by Defendants.

4.5   **For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by Defendants(s))**:

   4.5.1   **Depositions (excluding experts) to be taken by**:

   **Plaintiffs**: __10_____   **Defendants**: ___25___

   4.5.2   **Interrogatories to be served by**:

   **Plaintiffs**:____30_____

   **Defendants**: 35 to Caleb Leone; 10 to Danielle and Jacob Leone

   4.5.3   **Document production requests to be served by**:

   **Plaintiffs**: The number of requests is dependent upon whether Riddell will initially agree to produce in this case all of the documents produced in the Aiken's case. It is anticipated that Plaintiffs will request documents that fall into 35 categories of information.

       **Defendants**: <u>35 to Caleb Leone; 15 to Danielle and Jacob Leone</u>

    **4.5.4** Requests for admission to be served by:

    **Plaintiffs**: <u>50 (in aggregate)</u>  **Defendants**: <u>50 (in aggregate)</u>

- **4.6** **Discovery of electronically stored information**

  Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

**5. Protective Order**

- **5.1** **If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

  The parties intend to submit a proposed protective order after conferring further. Defendants will request the protective order to prevent disclosure of certain documents concerning the design, testing, manufacturing, and marketing of Riddell football helmets, which contain trade secrets and/or other confidential research, development, or commercial information. The Third Circuit has stated that "documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia, Inc. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The Supreme Court has said that "courts have refused to permit their files to serve as … sources of business information that may harm a litigant's competitive standing." *Nixon v. Warner Communications*, U.S. 589, 598 (1978).

  **If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below**:

**6. Scheduling**

- **6.1** **Final date for joining additional parties**:

  <u>June 1, 2022</u> Plaintiff

  <u>June 1, 2022</u> Defendant

- **6.2** Final date for amending pleadings:

  <u>July 1, 2022</u>

7

>   Parties reserve the right to move for leave to amend at a later time if new evidence is discovered.

6.3   **All fact discovery commenced in time to be completed by**:

   Proposed: June 15, 2022

   (The deadline for cases on a standard track on Judge Brann's Calendar is February 1, 2022)

6.4   **All potentially dispositive motions should be filed by**:

   Proposed: September 26, 2022[1]

   (The deadline for cases on a standard track on Judge Brann's Calendar is April 1, 2022).

6.5   **Reports from retained experts due**:

   **From Plaintiffs:**

   Proposed**:** June 15, 2022

   (The deadline for cases on a standard track on Judge Brann's Calendar is August 1, 2022)

   **From Defendants:**

   Proposed: July 15, 2022

   (The deadline for cases on a standard track on Judge Brann's Calendar is September 1, 2022)

6.6   **Supplementations due**:

   Proposed: August 1, 2022

   (The deadline for cases on a standard track on Judge Brann's Calendar is September 15, 2022)

6.7   **All expert discovery commenced in time to be completed by**:

   September 1, 2022

---

[1] Defendants note that this case will be heavily expert-dependent and, as a result, Rule 702 motions will be potentially dispositive.

  6.8  **This case may be appropriate for trial in approximately**: 20 months

  6.9  **Suggested date for the final pretrial conference**:

    January 27, 2023

    (The final pretrial conference date for cases on a standard track on Judge Brann's Calendar is September 26, 2022)

  **6.10**  **Trial**

    6.10.1 **Suggested date for trial**:

     Proposed: February 20, 2023

     (The trial date for cases on a standard track on Judge Brann's Calendar is November 7, 2022)

7. **Certification of Settlement Authority (All parties shall complete the certification)**

   I hereby certify that the following individuals have settlement authority:

    **Plaintiffs:** Larry Coben and Marion Munley

    **Defendant:** Brian Roche, General Counsel, Riddell

8. **Alternative Dispute Resolution ("ADR")**

    **8.1** **Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

    **8.2** **If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

     The parties agree that it is premature at to determine whether this matter is appropriate for alternative dispute resolution.

    **8.3** **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

     The parties agree that it is premature at to determine whether this matter is appropriate for alternative dispute resolution.

9. **Consent to jurisdiction by a magistrate judge**

   The parties do not consent to jurisdiction by a magistrate judge.

10. Other matters

11. Identification of counsel

**Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below:**

Attorneys for Plaintiffs: Larry E. Coben (admitted *Pro Hac Vice*); 480-515-4745; Jo Ann Niemi (application for admission *pro hac vice* is forthcoming); 480-515-4745; Marion Munley; 570-983-3846. All counsel are ECF users.

Lead attorney for Defendants:  Paul G. Cereghini (Admitted *pro hac vice*); 2901 North Central Avenue, Suite 1600 | Phoenix, AZ  85012; 1.602.643.2400; ECF user.

Dated: June 8, 2021     Respectfully submitted,


_____
Benjamin A. Nicolosi, Jr., Esq.
MARSHALL, DENNEHEY, WARNER,
COLEMAN  & COGGIN, P.C.
Atty. I.D.  69551
P.O. Box 3118
Scranton, PA 18505
Telephone: (570) 496-4606
BANicolosi@MDWCG.com

         /s/ Eden M. Darrell
Eden M. Darrell (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA  23219
Telephone: (804) 649-8200
Facsimile:  (804) 649-1762
eden.darrell@bowmanandbrooke.com

*Counsel for Defendants*


_____
Marion Munley, Esquire
MUNLEY LAW P.C.
227 Penn Avenue

Scranton, Pennsylvania 18503
(570) 346-7401
mmunley@munley.com

And

Larry E. Coben, Esquire (*Pro Hac Vice*)
ANAPOL WEISS
8700 E. Vista Bonita Drive, Suite 268
Scottsdale, Arizona 85255
(480) 515-4745
lcoben@anapolweiss.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed and served via ECF on June 8, 2021, on all counsel registered to receive service via the Court's ECF system.

                                                /s/ Benjamin A. Nicolosi, Jr.

Benjamin A. Nicolosi, Jr., Esq.
MARSHALL, DENNEHEY, WARNER,
COLEMAN & COGGIN, P.C.
Atty. I.D. 69551
P.O. Box 3118
Scranton, PA 18505
Telephone: (570) 496-4606
BANicolosi@MDWCG.com

Eden M. Darrell (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: (804) 649-8200
Facsimile: (804) 649-1762
eden.darrell@bowmanandbrooke.com

*Counsel for Defendants*